# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAVID HAMILTON,

    Plaintiff,     :     Case No. 3:07-cv-404

  -vs-                                     Magistrate Judge Michael R. Merz

                                   :

VOXEO CORPORATION,

    Defendant.

## DECISION AND ORDER

Plaintiff David Hamilton brought this action *pro se* to recover under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Defendant Voxeo Corporation seeks summary judgment (Doc. No. 23). Additional briefing on the Motion will be found at Doc. Nos. 36 and 40. The Motion was argued orally and that argument has been transcribed.

The parties unanimously consented to plenary magistrate judge jurisdiction under 28 U.S.C. § 636(c) while this case was referred to Magistrate Judge Sharon Ovington and thereafter unanimously consented to its transfer to the undersigned.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. On a motion for summary judgment, the movant has the burden of showing that there exists no genuine

issue of material fact, and the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970). Nevertheless, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original). Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

Read together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law. Fed. R. Civ. P. 50). *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). If, after sufficient time for discovery, the opposing party is unable to demonstrate that he or she can do so under the *Liberty Lobby* criteria, summary judgment is appropriate. *Id*. The opposing party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby,* 477 U.S. at 249-50, 106 S. Ct. at 2510-11 (citations omitted). "The mere possibility of a factual dispute is not enough." *Mitchell v. Toledo Hosp*., 964 F. 2d 577, 582 (6th Cir. 1992)(quoting *Gregg v. Allen-Bradley Co.,* 801 F. 2d 859, 863 (6th Cir. 1986). Therefore a court must make a preliminary assessment of the evidence, in order to decide whether the plaintiff's evidence concerns a material issue and is more than de minimis. *Hartsel v. Keys*, 87 F. 3d 795 (6th

Cir. 1996). "On summary judgment," moreover, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S. Ct. 993, 994, 8 L. Ed. 2d 176 (1962). Thus, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby,* 477 U.S. at 249, 106 S. Ct. at 2510.

The moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex,* 477 U.S. at 323; *see also, Boretti v. Wiscomb,* 930 F.2d 1150, 1156 (6th Cir. 1991) (citation omitted). If the moving party meets this burden, the nonmoving party must go beyond the pleadings to show that there is a genuine issue for trial. *Matsushita*, 475 U.S. at 587; *Martin v. Ohio Turnpike Comm'n.*, 968 F. 2d 606, (6th Cir. 1992), *cert. denied*, 506 U.S. 1054, 113 S. Ct. 979, 122 L.Ed.2d 133 (1993).

In ruling on a motion for summary judgment (in other words, determining whether there is a genuine issue of material fact), "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Interroyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied,* 494 U.S. 1091 (1990). Thus, in determining whether a genuine issue of material fact exists on a particular issue, a court is entitled to rely only upon those portions of the verified pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

**Analysis**

Voxeo claims exemption from the TCPA as a common carrier. The authority cited for this proposition is a bit back handed in that it deals directly with fax broadcasters. See *Kopff v. Battaglia*, 425 F. Supp. 2d 76, 92 (D.D.C. 2006), quoting *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act*, 10 F.C.C.Rcd. 14,132, cited at Motion, Doc. No. 23, at 5. Nevertheless, it seems a point of agreement between the parties that common carriers are exempt from the TCPA.

In his Affidavit in support of the Motion, Clegg Ivey, Vice President and General Counsel of Voxeo, avers at ¶ 5:

> As a telephony provider and common carrier, Voxeo does not "initiate" telephone calls for purposes of 47 U.S.C. § 227(b)(1)(B) and merely acts as a passive conduit through which telephone calls travel.

(Exhibit B to Doc. No. 23) However, the evidence submitted in support of the Motion does not establish that there is no genuine issue of material fact on this question. As the Court understands the services Voxeo offers, it does not generate either the content of the automatic messages it transmits generally for customers, nor does it produce the list of numbers to be called; these come either immediately from Voxeo's client (Silverlink in this case) or mediately from Silverlink's client, United Health Care in this case. But it is not clear from the record that Voxeo's equipment does not initiate the call in the sense of "dialing" or "pulsing" the telephone number of the intended recipient of the call.

This contrasts with the role played by the "pure" common carrier, for example, AT&T, which merely provides the conduit through which the call passes. The Court need not accept as common carriers Plaintiff's examples of telephone machines offered for sale by, e.g. Siemens, in order to conclude that Voxeo is not a common carrier. Obviously, mere purveyors of hardware are not common carriers but also would not be within the intendment of the TCPA: once Siemens sells

its telephones, it presumably has no control over who the buyer calls or what message is transmitted. The Court concludes there is at least a material question of fact as to whether Voxeo "initiates" telephone calls for its clients within the meaning of the TCPA.

Another set of facts presented in the motion papers raised a genuine issue of material fact about Voxeo's claim of common carrier status. In its advertising to the public, Voxeo states:

> While we welcome the opportunity to work with any enterprise or channel partner, we prefer to continue our investment in the technical and service qualities our customers value most. As a result, Voxeo does not serve long distance carriers, cellular providers, or other companies who are strictly focused on obtaining the lowest tier of pricing available in the IVR or VOIP platform markets.

(Exhibit A to Doc. No. 28[1]) While this admission does not prove conclusively that Voxeo is not a common carrier, it creates at least an issue of fact in that regard.

Alternatively, Voxeo claims the content of the call was not a solicitation or an advertisement and is therefore it is entitled to exemption under authority of *Leyse v. Clear Channel Broad., Inc.*, 2006 U.S.Dist. LEXIS 132 (S.D.N.Y. Jan. 5. 2006). Rather than produce a transcript of the call in support of the Motion, however, Voxeo relies on its characterization of Plaintiff's responses at deposition on the content of the call. Plaintiff differs on the appropriate characterization of his responses. Having considered them, the Court finds that there is a genuine issue of material fact as to whether the calls consisted of a solicitation or advertisement.

Accordingly, Defendant Voxeo's Motion for Summary Judgment is denied.

March 12, 2009.

s/ **Michael R. Merz**<br>United States Magistrate Judge

---

[1] This language purports to have been taken from Voxeo's website, voxeo.com, on February 6, 2008. Prima facie, the purported derivation of the quotation is sufficient to establish authenticity, although Voxeo is free to challenge that prima facie finding.