# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAVID HAMILTON,

      Plaintiff,  :  Case No. 3:07-cv-404
                                     consolidated with 3:08-cv-279

   -vs-                                       Magistrate Judge Michael R. Merz
                                     :

VOXEO CORPORATION, et al.,

      Defendants.

---

**DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING IN PART DEFENDANT UNITED HEALTH'S MOTION FOR SUMMARY JUDGMENT**

---

These consolidated cases are before the Court on Plaintiff's Motion for Partial Summary Judgment (Doc. No. 43) and Defendant United Health Group Incorporated's ("United Health") Motion for Summary Judgment (Doc. No. 54). The Court heard oral argument on the motions on June 25, 2009.

The parties have unanimously consented to plenary magistrate judge jurisdiction under 28 U.S.C. § 636(c) and the cases have been referred on that basis.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. On

1

a motion for summary judgment, the movant has the burden of showing that there exists no genuine issue of material fact, and the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970). Nevertheless, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original). Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

Read together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law. Fed. R. Civ. P. 50). *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). If, after sufficient time for discovery, the opposing party is unable to demonstrate that he or she can do so under the *Liberty Lobby* criteria, summary judgment is appropriate. *Id.* The opposing party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby,* 477 U.S. at 249-50, 106 S. Ct. at 2510-11 (citations omitted). "The mere possibility of a factual dispute is not enough." *Mitchell v. Toledo Hosp.*, 964 F. 2d 577, 582 (6th Cir. 1992)(quoting *Gregg v. Allen-Bradley Co.,* 801 F. 2d 859, 863 (6th Cir. 1986). Therefore a court must make a preliminary assessment of the evidence, in order to decide whether the plaintiff's

evidence concerns a material issue and is more than de minimis. *Hartsel v. Keys*, 87 F. 3d 795 (6th Cir. 1996). "On summary judgment," moreover, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S. Ct. 993, 994, 8 L. Ed. 2d 176 (1962). Thus, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby,* 477 U.S. at 249, 106 S. Ct. at 2510.

The moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex,* 477 U.S. at 323; *see also, Boretti v. Wiscomb,* 930 F.2d 1150, 1156 (6th Cir. 1991) (citation omitted). If the moving party meets this burden, the nonmoving party must go beyond the pleadings to show that there is a genuine issue for trial. *Matsushita*, 475 U.S. at 587; *Martin v. Ohio Turnpike Comm'n.*, 968 F. 2d 606, (6th Cir. 1992), *cert. denied*, 506 U.S. 1054, 113 S. Ct. 979, 122 L.Ed.2d 133 (1993).

In ruling on a motion for summary judgment (in other words, determining whether there is a genuine issue of material fact), "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Interroyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied,* 494 U.S. 1091 (1990). Thus, in determining whether a genuine issue of material fact exists on a particular issue, a court is entitled to rely only upon those portions of the verified pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

### Plaintiff's Motion

Plaintiff seeks partial summary judgment on his claim under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.*, for Defendant United Health's failure, and indeed refusal, to provide him with a copy of its "Do Not Call" policy.

47 U.S.C. § 227(b)(3)[1] provides:

> **Private right of action**
>
> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State –
> (A)      an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> (B)      an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> (C)      both such actions.
>
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

The relevant regulation is 47 C.F.R. § 64.1200(d)[2] which provides:

> (d) No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted

---

[1] The statute quoted in Plaintiff's Motion at 3-4 is § 227(c)(5), not § 227(b)(3), but it was agreed at oral argument that this case is brought under § 227(b)(3).

[2] Plaintiff purports to quote at page 4 of his Motion from 47 C.F.R. § 64.1200(e)(i). No such section exists in the currently effective Code of Federal Regulations. The only section requiring provision of a do-not-call policy which the Court has located is the section quoted here.

4

>must meet the following minimum standards:
>
>>(1)  *Written policy.*  Persons or entities making calls for telemarketing purposes must have a written policy, available on demand, for maintaining a do-not-call list.

There is no genuine issue of material fact between the parties regarding this claim by Plaintiff.  He attaches copies of his letters to United Health dated May 23, 2007 (Exhibit A) and January 14, 2008, with proof of receipt of certified mail (Exhibits $C^1$ and $C^2$) requesting the policy and a May 12, 2008, letter from United Health's Consumer Affairs Advocate acknowledging his request and declining to provide a copy (Exhibit D).  Defendant's counsel admitted at oral argument that the refusal was knowing and willful in the sense of intentional.

Private rights of action are created in § 227(b)(3) as quoted above for violations of "regulations prescribed under this subsection," to wit §227(b).  A similar private right of action is created by 47 U.S.C. §227(c)(5) for violations of "regulations prescribed under this subsection," to wit, §227(c).  In contrast, no private right of action is created at all under 47 U.S.C. § 227(d). *Burdge v. Association Health Care Mgmt., Inc.,* 2009 U.S. Dist. LEXIS 11849, 2009 WL 414595 (S.D. Ohio 2009).

The question, then, is whether the 47 C.F.R. §64.1200(d) was "prescribed" under 47 U.S.C. § 227(b), 227(c), or 227(d).  In *Burdge*, Judge Spiegel wrote:

>Part of the difficulty in navigating which requirements are enforceable privately stems from the fact that the two differing sections creating a private cause of action, Sections 227(b) and (c), both use language referring to regulations prescribed under "this subsection." The regulations promulgated in 47 C.F.R. 64.1200 morph together provisions pertaining to automated calls (under the authority of Section 227(b), live telemarketing calls (under the authority of Section 227(c), as well as the identification requirements of Section 227(d). For this reason, it is difficult to determine to a "legal certainty" which provisions fall squarely under the province of Section 227(b).

*Id.* at *12-13.  In adopting 47 C.F.R. §64.1200, the Federal Communications Commission did not

5

delineate which portions of the TCPA it intended to address with which portions of the regulation.

In *Charvat v. GVN Michigan, Inc.*, 531 F.3d 623 (6th Cir. 2009), the Sixth Circuit held that liability under 47 U.S.C. § 227(c) was on a per call, rather than a per violation basis. This conclusion was reached as a predicate to deciding that, as a matter of legal certainty, the plaintiff there could not recover more than $75,000 and diversity of citizenship jurisdiction was therefore absent. Plaintiff asserts the per call conclusion was therefore only dictum and should not control in this case, since there is no amount in controversy requirement in this case.[3] To the contrary, this Court concludes the per call ruling was a necessary predicate to the ultimate conclusion in *Charvat*, it is not dictum, but an essential part of the holding.[4]

Technically, the Sixth Circuit expressed no opinion, either holding or dictum, about § 227(b)(3). However, the structure of § 227(b)(3) is precisely parallel to § 227(c)(5): a paragraph (A) authorizing an action for injunctive relief, a paragraph (B) authorizing an action for damages, and a paragraph (C) authorizing an action for both types of relief. The two provisions were adopted at the same time and are *in pari materia*. They should thus be interpreted consistently with one another. The Court concludes that an action under 47 U.S.C. § 227(b)(3)(B) can recover only on a per call and not a per violation basis. That is, there can only be one recovery of damages under § 227(b)(3)(B) per call, regardless of how many violations of the TCPA or its implementing regulations occurred in that call.

Even assuming, then, that 47 C.F.R. § 64.1200(d)(1) was adopted to implement 47 U.S.C. § 227(b), Plaintiff cannot recover for United Health's refusal to send him its do-not-call policy. He

---

[3]This Court previously concluded it has general federal question subject matter jurisdiction of this case under 28 U.S.C. § 1331 (Decision and Order, Doc. No. 19, in 3:08-cv-279). In *Charvat*, the Sixth Circuit declined to consider that question because Mr. Charvat relied solely on a diversity theory. 531 F. 3d at 627, n. 2.

[4]See Judging Under the Constitution: Dicta About Dicta, Pierre N. Laval, 81 N.Y.U. L. Rev. 1249, 1256 (October, 2006).

can only recover for a call made at a time when United Health did not have such a policy in place and he has not proven that either of the September, 2007, calls at issue in this case were made at such a time. His Motion for Partial Summary Judgment is therefore denied. Conversely, United Health is entitled to partial summary judgment to the extent that Plaintiff seeks damages for the refusal of United Health to send him the do-not-call policy.

The Court does not decide at this point whether "on demand" in the regulation means "on demand of a person in Mr. Hamilton's situation" or whether, as urged by Defendant, it only refers to a demand made by regulatory authorities. If the Court decided that Mr. Hamilton had "standing," so to speak, to make such a demand, then the fact United Health refused in 2008 to provide him a copy would be some proof that, on the relevant dates in September, 2007, it did not have a written policy available on demand. That is because United's firm insistence, apparently on a policy basis, that it would not provide Mr. Hamilton with a copy supports an inference that it would not have provided a copy to any other mere consumer.

The Court continues to have under advisement the remaining portions of Defendant United Health's Motion for Summary Judgment and Plaintiff's Motion for Preliminary Injunction, as to which he confirmed he would not be filing a supportive reply memorandum.

June 25, 2009.

s/ **Michael R. Merz**

United States Magistrate Judge

7