# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAVID HAMILTON,

      Plaintiff,            :         Case No. 3:07-cv-404
                                      consolidated with 3:08-cv-279

    -vs-                             Magistrate Judge Michael R. Merz
                                :

VOXEO CORPORATION, et al.,

      Defendants.

---

## DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

---

These consolidated cases are before the Court on Plaintiff's Motion for Preliminary Injunction (Doc. No. 59) which Defendant United Health opposes (Doc. No. 75). Plaintiff advised the Court on the record on June 25, 2009, that he would not be filing a reply memorandum in support.

The parties have unanimously consented to plenary magistrate judge jurisdiction under 28 U.S.C. § 636(c) and the cases have been referred on that basis.

Plaintiff seeks an injunction during the pendency of this action to prevent United Health and anyone in concert with them "from calling, contacting or dialing telephone number 937-274-6675 for any reason or purpose" except for attorneys working on this case. As authority therefor, Plaintiff cites 47 U.S.C. § 227(b)(3) which provides:

> **Private right of action**
>
> A person or entity may, if otherwise permitted by the laws or rules of
> court of a State, bring in an appropriate court of that State –
> (A)    an action based on a violation of this subsection or the regulations

1

> prescribed under this subsection to enjoin such violation,
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> (C) both such actions.
>
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

The general standard for preliminary injunctive relief prescribes four factors to be considered:

> 1) Whether the plaintiffs have shown a strong or substantial likelihood or probability of success on the merits;
> 2) Whether the plaintiffs have shown irreparable injury;
> 3) Whether the issuance of a preliminary injunction would cause substantial harm to others;
> 4) Whether the public interest would be served by issuing a preliminary injunction.

*Nightclubs, Inc. v. City of Paducah,* 202 F.3d 884, 888 (6th Cir. 2000); *Washington v. Reno,* 35 F.3d 1093, 1099 (6th Cir. 1994); *NAACP v. City of Mansfield*, 866 F.2d 162, 166 (6th Cir. 1989); *Frisch's Restaurant, Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985). These four considerations are "factors to be balanced, not prerequisites that must be met. Accordingly, the degree of likelihood of success required may depend on the strength of the other factors." *DeLorean*, 755 F.2d at 1229. The four considerations are factors to be balanced, not prerequisites that must be met. *Mich. Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001). Although no one factor is controlling, a finding that there is no likelihood of success is usually fatal. *Gonzales v. Nat'l Bd. of Med. Exam'rs,* 225 F.3d 620, 625 (6th Cir. 2000).

United Health recites this general standard and asserts, in part, that Plaintiff should not be granted preliminary injunctive relief because any harm is not irreparable: the statute authorizes a

damages action with a statutory minimum damages award likely to fairly compensate Mr. Hamilton for any inconvenience he would suffer from any future calls. While the Court agrees that the statutory damages are likely to be an adequate remedy,[1] the refusal of injunctive relief when damages are available is based on the traditional distinction between law and equity. Where, as here, the Congress has created an equitable remedy and allowed a plaintiff to choose either injunctive relief, damages, or both, the Court doubts its authority to deny injunctive relief because a damages remedy might by theoretically adequate. See *Tennessee Valley Authority v. Hill,* 437 U.S. 153 (1978).

It is a well-established fact in this case that the telephone number in question is the residential phone number of both David and Lynne Hamilton who are husband and wife. United Health claims that it has never dialed that number (or caused someone acting on its behalf to do so) with the intention of communicating with David Hamilton. Rather, it asserts it has been attempting to communicate with Lynne Hamilton with whom it has an "established business relationship." It is also established from Mrs. Hamilton's deposition that, at least until several weeks before the instant Motion was filed, she had never requested on her own behalf that United Health cease communicating with her by telephone. Finally, there is no evidence that once she communicated a do-not-call request on her own behalf, there have been any further communications to her by United Health by telephone. If that remains true through the time of trial, it is not likely the Court will issue a permanent injunction against calls to the referenced number. The fact that a court is authorized by statute to give injunctive relief does not mean that it is bound to do so and or lacks discretion in the matter. Compare *TVA v. Hill, supra,* and *United States v. Oakland Cannabis Buyers' Cooperative*, 532 U.S. 483 (2001).

---

[1] Mr. Hamilton has certainly demonstrated he is a redoubtable consumer of telephone services, unlikely to suffer severe emotional distress from unwanted telephone calls of the nature and frequency of the calls at issue in these cases.

The Court is very reluctant to interpret the TCPA to the effect that one spouse may effectively terminate the authority of a health care provider to furnish information to the other spouse, but such a finding would be necessary in order to hold that Mr. Hamilton's prior do-not-call requests effectively terminated United Health's authority to communicate with Mrs. Hamilton.

The Court understands the logic of Plaintiff's argument in open court on June 25, 2009, that do-not-call lists ought to key to telephone numbers rather than names. He concluded from that argument that the number must have been on the United Health do-not-call list as of November, 2007, and that the later call about Mrs. Hamilton's flu vaccination violated that prior request. While the logic is clear, there is as yet no evidence to support it. Thus the Court is left with no evidence of calls made after Mrs. Hamilton on her own behalf asked that she not be called.

The Court finds there would be no harm to the general public from entering the injunction and no harm to the only particular person United Health suggests would be harmed, Mrs. Hamilton, since she has expressly assumed the risk of not being called. Nevertheless, Plaintiff has not shown that a preliminary injunction is necessary to prevent further violations of the TCPA. The Motion for Preliminary Injunction is denied.

June 25, 2009.

s/ **Michael R. Merz**

United States Magistrate Judge