# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAVID HAMILTON,

       Plaintiff,         :         Case No. 3:07-cv-404
                                                 consolidated with 3:08-cv-279

     -vs-                                  Magistrate Judge Michael R. Merz
                                    :

VOXEO CORPORATION, et al.,

       Defendants.

---

## DECISION AND ORDER DENYING IN PART DEFENDANT UNITED HEALTH'S MOTION FOR SUMMARY JUDGMENT

---

These consolidated cases are before the Court on the undecided portions of Defendant United Health Group Incorporated's ("United Health") Motion for Summary Judgment (Doc. No. 54). The Court heard oral argument on the motions on June 25, 2009, and granted summary judgment on one issue raised by the Motion, reserving the remaining issues for later decision (Decision and Order, Doc. No. 77).

The standard for deciding summary judgment motions is set forth in the prior decision and will not be repeated here.

Defendant United Health provides the Affidavit of Florence Newcum, identified as the Program Director of Enterprise Services for Defendant Silverlink Communications, Inc., which avers in pertinent part:

1.     United Health Care Services, Inc., contracted with Silverlink to deliver a message to United Health's customers.

2.     Silverlink prepared an automated message, the text of which was chosen by United Health.

1

3. That automated message was delivered unchanged on September 13 and 20, 2007, to telephone number 937.274.6675.

4. The text of that message is attached to Ms. Newcum's Affidavit as Exhibit A.

(Exhibit A-1 to Doc. No. 74).

In opposing the Motion for Summary Judgment, Plaintiff provides an Affidavit which avers the truth of the following facts "are true and correct to the best of Affiant's knowledge and belief"[1]:

1. The message contained in the attachment to Ms. Newcum's affidavit does not even remotely resemble the message during the complained-of phone calls.

2. Plaintiff received three phone calls before suing Voxeo in the Dayton Municipal Court on September 24, 2007, one the following week, and one additional phone call the first week of October.

3. Sometime after September 20, 2007, Plaintiff became aware of a toll-free call back number, 866.491.5940, which he avers he identified as being owned by Defendant Voxeo Corporation. Using that number, he contacted someone named Jeff who identified himself as a Voxeo employee and stated Voxeo had received numerous complaints about telephone solicitation abuse associated with 866.491.5940.

Upon review of the evidentiary materials presented by both parties, the Court determines that neither is of the quality required to dispose of this case on summary judgment. Without providing a detailed evidentiary analysis, all parties should carefully consider Fed. R. Evid. 601 prior to the trial of this matter, which remains set for October 26, 2009. The remaining portion of United

---

[1] The text of the Affidavit avers the truth of "all statements of fact relating to the complained-of calls, and specifically facts contained in numbered paragraphs 7 through 20 of" Plaintiff's Memorandum (Doc. No. 58). The Court extracts from these paragraphs only those statements which can properly be read as statements of fact, as opposed to opinions or arguments. Quotations Plaintiff makes in these paragraphs from his own deposition are not repeated here.

Health's Motion for Summary Judgment is denied.

July 29, 2009.

                                                            s/ **Michael R. Merz**

                                                            United States Magistrate Judge